BEATRICE RAPID TRANSIT & POWER COMPANY ET AL. V. GERMAN NATIONAL BANK OF BEATRICE.

FILED MAY 21, 1895. NO. 6227.

Verification of Pleading: CORPORATIONS. The fifth subdivision of section 120 of the Code of Civil Procedure authorizes the verification of pleadings for a corporation by its attorney at law as such, irrespective of the consideration that a summons might or might not legally be served upon such attorney.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*J. E. Cobbey*, for plaintiff in error, cited : *Hershiser v. Delone*, 24 Neb., 382; *Speer v. Craig*, 16 Col., 478; *Tulloch v. Belleville Pump & Skein Works*, 31 Pac. Rep., [Col.] 229.

*George A. Murphy*, *contra*, cited : *Pottinger v. Garrison*, 3 Neb., 223; *Harral v. Gray*, 10 Neb., 188; *Dorrington v. Minnick*, 15 Neb., 400; *Buck v. Reed*, 27 Neb., 67.

RYAN, C.

The defendant in error obtained judgment in the district court of Gage county upon two causes of action stated in its petition, which was verified in the following language: "George A. Murphy, being first duly sworn, on oath deposes and says that he is the attorney for the plaintiff, which is a corporation ; that he has read the foregoing petition and knows the contents thereof, and that the facts therein contained are true as he verily believes." The district court overruled a motion to strike from the files the said petition for the reason assigned that it was not verified as required by law, and to compel plaintiff to verify its petition as by law required. No ground for the reversal of the judgment of the district court is argued except the alleged error of the district court in this ruling. It is provided by section 120 of the Code of Civil Procedure that the affidavit of verification "can be made by agent or attorney only : * * * Fifth—When the party is a corporation, in which case it may be made by the attorney, or any officer or agent upon whom a summons could be legally served." It is contended by counsel for plaintiffs in error that the words " upon whom a summons could be legally served" should as well be held to qualify the word "attorney," as officer or agent. It may be as argued, that the attorney as such is not more likely to know the facts of which he affirms the truth than would an officer or agent. This argument, if it has any force, should

be addressed to the legislature.  If plaintiff's construction of the above language as to authority to verify is sound, there could be no verification by an attorney at law as such.  It could only be by such an attorney as the law provides shall be created for insurance companies by their powers of attorney.  The obvious meaning of the fifth subdivision of section 120 of the Code of Civil Procedure is that verification of a pleading on behalf of corporations may be made by their attorneys at law, or by an officer or agent upon whom summons could be legally served, which latter class embraces such agents for the above purpose as are so constituted by power of attorney and are therefore called attorneys.  The judgment of the district court is

AFFIRMED.